UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERALD M. BROWN, JR. | : | |
| | : | |
| v. | : | C.A. No. 12-873S |
| | : | |
| RHODE ISLAND ATTORNEY GENERAL | : : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On November 30, 2012, Petitioner Gerald M. Brown, Jr. filed an action under 28 U.S.C. § 2254 to overturn his prior state convictions for child molestation. He also filed an Application to proceed <u>in forma pauperis</u> ("IFP"). According to Brown's filing, he was released from prison on June 29, 2012 and thus he is not "a person in custody pursuant to the judgment of a State court" as required to invoke this Court's habeas corpus jurisdiction. <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989). Brown also does not allege that he is subject to any ongoing suspended sentence or unexpired period of parole or probation that might satisfy the "in custody" requirement. <u>See</u> <u>Mainali v. Virginia</u>, C.A. No. 1:11cv1215, 2012 WL 2619132 at *2 (E.D. Va. June 25, 2012).

Additionally, Brown's filing offers no explanation or argument as to why this habeas corpus petition is not an improper "second or successive" petition subject to the requirements of 28 U.S.C. § 2244(b). Since 1997, Brown has unsuccessfully pursued several actions in this Court seeking to challenge his state court convictions. In fact, in 2004 and 2005, the Court of Appeals denied Brown's applications for leave to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2244(b). <u>See</u> <u>Brown v. Wall</u>, Ct. App. Nos. 04-2540 and 05-1974. Moreover, subsequently in 2008, the Court of Appeals denied Brown's request for a certificate of appealability

regarding a later filed and dismissed habeas corpus petition. See Brown v. Wall, Ct. App. No. 08-1341.

On December 11, 2012, Brown was ordered to file a written submission to this Court which shows cause as to why this habeas corpus application should not be summarily dismissed because (1) he is no longer in state custody; or (2) this filing is a second and successive habeas corpus application and he has not obtained prior authorization to file it from the Court of Appeals as required by 28 U.S.C. § 2244(b). (Document No. 3).

On December 31, 2012, Brown submitted a timely response to the Order in which he maintains his claim that he was "falsely convicted" but fails to adequately address the two legal obstacles to this habeas corpus application which were identified in the Order. First, as to the custody issue, Brown generally argues that his false conviction puts him under "custody of some type" but provides no specifics as to ongoing conditions or restrictions which might satisfy the "in custody" requirement to trigger habeas corpus jurisdiction. Second, as to the second and successive issue, Brown points to a period of "unwarranted delay" in his state court proceedings and the denial of "proper counsel" in such proceedings. (Document No. 4, p. 1). However, he completely fails to address the law which expressly requires that an applicant seeking to file a second or successive habeas corpus application must "move in the appropriate court of appeals for an order authorizing the district court to consider the application" prior to filing the application. 28 U.S.C. § 2244(b)(3)(A). Here, the Court's docket establishes that Brown has filed numerous prior habeas corpus cases in this Court, and Brown has not obtained authorization to file this action from the Court of Appeals. Thus, this is an unauthorized "successive" habeas corpus application and it must be dismissed.

For the foregoing reasons, I recommend that Brown's IFP Application (Document No. 2) be DENIED and this Habeas Corpus Petition (Document No. 1) be DISMISSED.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D.  Almond
LINCOLN D.  ALMOND
United States Magistrate Judge
January 4, 2013